UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **GLOBAL FINANCIAL & LEASING, INC.**, an Oregon corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>**LOJY AIR COMPANY**, an Egyptian corporation,<br><br>            Defendant,<br><br>    v.<br><br>**RICHARD KEITH WARD**, individually,<br><br>           Third-Party Defendant. | Case No.: 3:10-CV-1369 PK<br><br>**PLAINTIFF'S TRIAL MEMORANDUM** |

## I. INTRODUCTION

On January 25, 2010, Global Financial & Leasing, Inc. ("Global") and LOJY Air Company ("LOJY") entered into a seven-page Letter of Intent (the "Agreement") identifying the terms under which Global would lease an Airbus A320-200 aircraft to LOJY. This litigation is about LOJY attempting to disregard and circumvent its requirements under that Agreement. LOJY agreed that any aircraft was subject to final inspection and approval by Global (Section 1 of the Agreement) and it agreed that Global could demand additional guarantees for repayment

(Section 19 of the Agreement).   But when Global did exactly what it was entitled to do under these sections, LOJY balked (twice), and demanded 100% of its deposit back.   That demand is also inconsistent with the Agreement (Sections 7 and 9).   In sum, this case is about holding LOJY to its obligations.

## II. FACTS

Consistent with Sections 7 and 9 of the Agreement, LOJY paid a $300,000 deposit to Global.   That money was supposed to go towards the aircraft acquisition if a lease purchase agreement was executed.   But if no such deal was executed, the money would be returned to LOJY, subject to the following caveats:

- Under Section 17, the parties expressly agreed in Section 17 of the Agreement that, in the event of a breach by LOJY, Global would keep the full amount of the deposit as liquidated damages;

- Under Section 7, if the deal was not consummated by no fault of Global, then Global would keep all fees and expenses up to the amount of the deposit ($300,000). Section 18 of the Agreement defines "fees and expenses" broadly to include: "legal, administrative, accounting, taxes, licensing, appraisals or inspections, aircraft deposits and repositioning, documentation and recording fees, travel and formation of special purpose corporations."

LOJY presented two airplanes.   Global arranged and paid for inspections of each. Both appraisals determined that the value of the respective aircraft was too low relative to the price that LOJY wanted to finance.   Accordingly, Global demanded an extra guarantee from LOJY to bridge the gap between the appraised value and sales price.   Both times, LOJY refused.

Thus, LOJY twice breached the Agreement by failing to locate suitable aircraft, either ones whose appraised value matched their purchase price or ones for which LOJY was willing to


provide additional bridge security. But LOJY did not stop there. It also twice renounced the entire Agreement, declaring once by email in February 2010 that "a decision has been made to terminate the [Agreement]" and then again two months later. On April 14, 2010, LOJY informed Global that Global had "10 working days starting from today 14-04-2010 and ending on 24-04-2010 to find, locate and finalize an agreement ***." It further informed Global that LOJY was "totally out of the price negotiation" and that Global refund the $300,000 within "5 banking working days.

After some back and forth, Global informed LOJY that its actions may be a breach of the Agreement and that it should reconsider its positions. LOJY refused, and here we are.

Given everything that had happened previously, this email was the proverbial straw the broke the camel.

### III.  CONCLUSION

Trial in many ways is a lose/lose proposition for both sides. It means that LOJY does not get an aircraft (at least not one provided by Global), and it means that Global goes through the expense of trial without the profits that could arise from a successful aircraft financing. However, given the situation, it may be unavoidable.

////

////

////

////

////

////

////

////

////

Given the plain language of the Agreement, LOJY's actions mean that Global is entitled to retain the full $300,000. Short of that, Global is entitled to retain all of its "fees and expenses," including attorney fees, out of the $300,000. LOJY has no basis to claim a refund of the entire deposit.

DATED:   June 2, 2014                              SLINDE NELSON STANFORD


                                                   /s/ Darian Stanford
                                                   Darian Stanford, OSB No. 994491
                                                   darian@slindenelson.com
                                                   Daniel H. Lerner, OSB No. 071424
                                                   daniel@slindenelson.com
                                                   Telephone:  503-417-7777
                                                   Fax:             503-417-4250

                                                   *Attorneys for Plaintiff/Third Party Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that I served the attached **PLAINTIFF'S TRIAL MEMORANDUM** on the following person(s) on the date indicated below:

> Philip S. Griffin
> Griffin Law Group LLC
> 121 SW Salmon Street, Suite 1100
> Portland, OR 97204
>   *Of Attorneys for Defendant*

by the following indicated method(s):

☐ by **faxing** full, true, and correct copies thereof to said attorney to the fax number noted above, which is the last known fax number for said attorney, on the date set forth below.

☐ by **emailing** full, true, and correct copies thereof to said attorney to the email address noted above, which is the last known email address for said attorney, on the date set forth below.

☒ by notice of electronic filing using the CM/ECF system (LR 100.7(a)(2)).

☐ by causing full, true and correct copies thereof to be **mailed** to the attorney(s) at the attorney(s) last-known office address(es) listed above on the date set forth below.

DATED:   June 2, 2014                    SLINDE NELSON STANFORD

/s/ Darian Stanford
Darian Stanford, OSB No. 994491
darian@slindenelson.com
Daniel H. Lerner, OSB No. 071424
daniel@slindenelson.com
Telephone:   503-417-7777
Fax:               503-417-4250

Attorneys for Plaintiff